FILED BY ____ D.C.

MAY - 2 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-20261-CR-ALTONAGA/GOODMAN**

18 U.S.C. § 1201(a)(1)
18 U.S.C. § 1201(c)
18 U.S.C. § 924(c)
18 U.S.C. § 924(d)(1)
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

v.

**SERGE NKORINA and
JUSTIN BOCCIO,**

        Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Conspiracy to Commit Kidnapping
### (18 .S.C. § 1201(c))

Beginning on or about December 30, 2018, the exact date being unknown to the Grand Jury, through on or about January 15, 2019, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**SERGE NKORINA and
JUSTIN BOCCIO,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to unlawfully seize, confine, kidnap, abduct, carry away, and hold for ransom and reward, any person, that is, Victim 1, and did use any means, facility, and instrumentality of interstate and foreign commerce, that is, cellular telephones and a

motor vehicle, in committing and in furtherance of the commission of the offense, in violation of Title 18, United States Code, Section 1201(a)(1).

## OBJECT OF THE CONSPIRACY

It was the purpose and object of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by seizing, confining, and kidnapping Victim 1 until Victim 1 gave the defendants money and assets.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its purpose, at least one of the defendants committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1. On or about December 30, 2018, **SERGE NKORINA** and **JUSTIN BOCCIO** purchased supplies at a Home Depot in Broward County, Florida.

2. On or about January 5, 2019, **JUSTIN BOCCIO** rented a van from Budget with Florida tag number GHPT19.

3. On or about January 14, 2019, **JUSTIN BOCCIO** entered Victim 1's office and made false representations on paperwork while utilizing a cellular telephone.

4. On or about January 14, 2019, **SERGE NKORINA** and **JUSTIN BOCCIO** intercepted Victim 1 in the parking lot of a Walmart in Broward County, Florida.

5. On or about January 14, 2019, **SERGE NKORINA** and **JUSTIN BOCCIO** blindfolded Victim 1, and forced Victim 1 into the rental van with Florida tag number GHPT19.

6. On or about January 14, 2019, **SERGE NKORINA** and **JUSTIN BOCCIO** transported Victim 1 to a storage facility in Margate, Florida.

7. On or about January 14, 2019, **SERGE NKORINA** and **JUSTIN BOCCIO**

burned Victim 1's hands with a blowtorch, while threatening to kill Victim 1 with a firearm and other weapons.

8. On or about January 14, 2019, **SERGE NKORINA** and **JUSTIN BOCCIO** demanded information about Victim 1's home address in Miami-Dade County, Florida, and access codes to Victim 1's residence.

9. On or about January 15, 2019, **SERGE NKORINA** visited the premises of Victim 1's residence in Miami-Dade County, Florida, while carrying a firearm.

10. On or about January 15, 2019, **SERGE NKORINA** and **JUSTIN BOCCIO** left Victim 1, with his hands and feet bound, inside of Victim 1's vehicle in the parking lot of Cheetah Gentlemen's Club in Broward County, Florida.

All in violation of Title 18, United States Code, Section 1201(c).

## COUNT 2
### Kidnapping
### (18 U.S.C. § 1201(a)(1))

On or about January 14, 2019, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**SERGE NKORINA and
JUSTIN BOCCIO,**

did unlawfully seize, confine, decoy, kidnap, abduct, carry away, and hold for ransom and reward, any person, that is, Victim 1, and did use any means, facility, and instrumentality of interstate and foreign commerce, that is, cellular telephones and a motor vehicle, in committing and in furtherance of the commission of the offense, in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT 3
### Brandishing a Firearm in Furtherance of a Crime of Violence
### (18 U.S.C. § 924(c)(1)(A)(ii))

On or about January 14, 2019, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**SERGE NKORINA and**
**JUSTIN BOCCIO,**

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1201(a)(1), as charged in Count 2 of this Indictment; in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii), it is further alleged that the firearm was brandished.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of certain property in which one or more of the defendants, **SERGE NKORINA** and **JUSTIN BOCCIO**, have an interest.

2. Upon conviction of any violation of Title 18, United States Code, Sections 1201(c) or 1201(a), as alleged in this Indictment, the defendants shall forfeit to the United States all property, real or personal, which constitutes, or is derived from, any proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 21, United States Code, Section 2461(c).

3. Upon conviction of any violation of Title 18, United States Code, Section 924(c)(1)(A), as alleged in this Indictment, any defendant so convicted shall forfeit to the United States any firearms and ammunition involved in or used in the commission of said violation, pursuant to Title 18, United States Code, Section 924(d)(1), as made applicable hereto by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924(d), and the procedures set forth in Title 21, United States Code, Section 853, as made applicable by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

*[signature]*
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

*[signature]*
LISA H. MILLER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | |
| SERGE NKORINA and<br>JUSTIN BOCCIO, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| **Defendants.**<br>_____ / | **Superseding Case Information:** |

**Court Division:** (Select One)

_X_ Miami  ___ Key West  
___ FTL  ___ WPB  ___ FTP

New Defendant(s)      Yes ___  No ___
Number of New Defendants  ___
Total number of counts  ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  No
   List language and/or dialect  _____

4. This case will take  2-3  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                          (Check only one)

   I    0 to 5 days       _X_       Petty     ___
   II   6 to 10 days      ___       Minor     ___
   III  11 to 20 days     ___       Misdem.   ___
   IV   21 to 60 days     ___       Felony    _X_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)  Yes
   If yes:
   Magistrate Case No.  19-02496-mj-BECERRA (Nkorina); 19-02491-mj-BECERRA (Boccio)
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of  April 3, 2019 (Boccio)
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? X NO

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? X NO

_____
LISA H. MILLER
ASSISTANT UNITED STATES ATTORNEY
COURT ID NO. A5502054

*Penalty Sheet(s) attached                                                REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** SERGE NKORINA

**Case No:** _____

Count #: 1

Conspiracy to Commit Kidnapping

Title 18, United States Code, Section 1201(c)

**\* Max. Penalty**:   Life Imprisonment

Count #: 2

Kidnapping

Title 18, United States Code, Section 1201(a)(1)

**\* Max. Penalty**:   Life Imprisonment

Count #: 3

Using, Carrying, and Possessing a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)

**\* Max. Penalty**:   Life Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** JUSTIN BOCCIO

**Case No:** _____

Count #: 1

Conspiracy to Commit Kidnapping

Title 18, United States Code, Section 1201(c)

**\* Max. Penalty:** Life Imprisonment

Count #: 2

Kidnapping

Title 18, United States Code, Section 1201(a)(1)

**\* Max. Penalty:** Life Imprisonment

Count #: 3

Using, Carrying, and Possessing a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)

**\* Max. Penalty:** Life Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**